FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2017 MAR 14 PM 4:46
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR409-147
)
TYRONE SAMUEL FIELDS, )
)
Defendant. )
)

# O R D E R

Before the Court is Defendant Tyrone Samuel Fields's motion seeking relief under the so-called Holloway Doctrine. (Doc. 180.) Defendant contends that this doctrine recognizes a district court's inherent authority to reduce a previously imposed sentence, which that court considers unjust and disproportionately severe, by vacating one or more of the convictions for which he received that sentence. See United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). This so-called doctrine, however, provides Defendant with no relief.

The Eleventh Circuit Court of Appeals has recognized that outside of Federal Rule of Criminal Procedure 35 "there exists no 'inherent authority' for a district court to modify a sentence." United States v. Diaz-Clark, 292 F.3d 1310, 1319 (11th Cir. 2002). The ability for district

courts to modify a sentence is limited by statute to only three circumstances:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

United States v. Phillips, 597 F.3d 1190, 1195 (11th Cir. 2010) (citing 18 U.S.C. § 3582(c)(1)) (internal citations omitted). None of these circumstances are present in this case.[1] Accordingly, Defendant's motion is **DENIED**.

SO ORDERED this 14th day of March 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] While the Government expressly consented to the sentence reduction in Holloway, see 68 F. Supp. 3d at 311, the Government has not responded to Defendant's request in this case. However, even if the Government agreed to the reduction in this case, the Court would still conclude that it lacks the power to reduce Defendant's sentence.